**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Glenroy Cranston**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Ocean Blue Caribbean Restaurant and Bar Corporation**, an Arizona corporation; **Dean Scott and Jane Doe Scott**, a Married Couple; and **Nadgera Singh and John Doe Singh**, a Married Couple, | |
| Defendant. | |

Plaintiff, Glenroy Cranston ("Plaintiff" or "Glenroy Cranston"), sues the Defendants, Ocean Blue Caribbean Restaurant and Bar Corporation ("Ocean Blue"), and Dean Scott and Jane Doe Scott; and Nadgera Singh and John Doe Singh (collectively, all Defendants are referred to as "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

8. At all material times, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation owned and operated as "Ocean Blue Caribbean Restaurant and Bar," a restaurant doing business in Chandler, Arizona.

10. Under the FLSA, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation is subject to liability under the FLSA.

11.     Defendants Dean Scott and Jane Doe Scott are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Dean Scott and Jane Doe Scott are owners of Defendant Ocean Blue Caribbean Restaurant and Bar Corporation and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Dean Scott and Jane Doe Scott are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Dean Scott and Jane Doe Scott had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Ocean Blue Caribbean Restaurant and Bar Corporation.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Dean Scott and Jane Doe Scott are subject to individual liability under the FLSA.

13.     Defendants Nadgera Singh and John Doe Singh are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable.  Nadgera Singh and John Doe Singh are owners of Defendant Ocean Blue Caribbean Restaurant and Bar Corporation and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Nadgera Singh and John Doe Singh are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Nadgera Singh and John Doe Singh had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Ocean Blue Caribbean Restaurant and Bar Corporation.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Nadgera Singh and John Doe Singh are subject to individual liability under the FLSA.

15. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

29. Defendants own and/or operate as "Ocean Blue Caribbean Restaurant and Bar Corporation," a restaurant located in Maricopa County, Arizona.

30. At all relevant times, Plaintiff worked for Defendants from approximately September 1, 2022, through approximately October 10, 2022.

31. Defendants, in their sole discretion, agreed to pay Plaintiff approximately $800 per week for a 40-hour shift.

32. In his work for Defendants, Defendants did not use a time clock to record the hours that Plaintiff worked for them.

33. In his work for Defendants, Plaintiff kept concurrent records of the times he started and stopped working for each shift he worked.

34. According to the records Plaintiff kept, Plaintiff worked the following approximate dates and times:

    a. Week 1:

        1. September 1, 2022: 10:15 a.m. to 10:45 p.m.

        2. September 2, 2022: 11:05 a.m. to 11:45 p.m.

        3. September 3, 2022: 10:05 a.m. to 11:35 p.m.

        4. September 5, 2022: 10:45 a.m. to 5:00 p.m.

        5. September 7, 2022: 12:03 p.m. to 11:28 p.m.

    b. Week 2:

           1. September 8, 2022: 11:07 a.m. to 12:05 a.m. (September 9, 2022)

           2. September 9, 2022: 10:45 a.m. to 11:51 p.m.

           3. September 10, 2022: 10:32 a.m. to 11:55 p.m.

           4. September 14, 2022: 11:09 a.m. to 11:15 p.m.

    c. Week 3:

           1. September 15, 2022: 11:00 a.m. to 11:10 p.m.

           2. September 16, 2022: 11:30 a.m. to 11:47 p.m.

           3. September 19, 2022: 11:14 a.m. to 11:19 p.m.

           4. September 20, 2022: 10:26 am to 11:25 p.m.

           5. September 21, 2022: 10:05 a.m. to 11:14 a.m.

    d. Week 4:

           1. September 22, 2022: 10:41 a.m. to 11:14 p.m.

           2. September 23, 2022: 10:18 a.m. to 11:56 p.m.

           3. September 26, 2022: 10:40 a.m. to 11:05 p.m.

           4. September 27, 2022: 11:03 a.m. to 10:59 p.m.

           5. September 28, 2022: 9:15 a.m. to 12:35 a.m. (September 29, 2022)

    e. Week 5:

           1. September 30, 2022: 10:30 a.m. to 11:57 p.m.

           2. October 1, 2022: 10:30 a.m. to 11:55 p.m.

           3. October 3, 2022: 12:30 p.m. to 10:35 p.m.

           4.       October 4, 2022: 12:15 p.m. to 11:37 p.m.

           5.       October 5, 2022: 12:01 p.m. to 11:30 p.m.

   f.       Week 6:

           1.       October 7, 2022: 11:05 a.m. to 9:00 p.m.

           2.       October 10, 2022: 10:30 a.m. to 11:00 p.m.

35. Based on the records that Plaintiff kept, he worked the following approximately total weekly hours:

   a.       Week 1: 56.34 hours

   b.       Week 2: 51.55 hours

   c.       Week 3: 62.69 hours

   d.       Week 4: 65.86 hours

   e.       Week 5: 59.8 hours

   f.       Week 6: 21.42 hours

36. In his work for Defendants, Plaintiff was supposed to be paid on a weekly basis.

37. Instead, Defendants compensated Plaintiff a total of two times over the approximately six workweeks during which he worked for them.

38. The first time was on September 19, 2022, when Defendants paid Plaintiff $1,100 for the work he performed, on information and belief, during Weeks 1 and 2.

39. The second time was on October 1, 2022, when Defendants paid Plaintiff $1,000 for the work he performed, on information and belief, during weeks 3 and 4.

40. Beyond those two paychecks, Defendants failed to compensate Plaintiff any wages whatsoever for any time that he worked.

41. As such, Defendants failed to compensate Plaintiff any wages whatsoever for the final two workweeks he worked for them.

42. Therefore, for the final two workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

43. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

44. As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the hours he worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

45. As a result of not having paid any wage whatsoever to Plaintiff for his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

46. As a result of having paid the wages they did to Plaintiff for his first four workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

47. As a result of Defendants' failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

48. As a result of Defendants' failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

49. As a result of Defendant's failure to compensate Plaintiff the applicable minimum wage for such hours worked, Defendant violated the AMWA, A.R.S. § 23-350, et seq.

50. Plaintiff was a non-exempt employee.

51. Plaintiff was not a manager in his work for Defendants.

52. Plaintiff did not have supervisory authority over any employees in his work for Defendants.

53. Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

54. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

55. Plaintiff did not direct the work of two or more employees in his work for Defendants.

56. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

57. Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

58. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

59. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

60. Plaintiff is a covered employee within the meaning of the FLSA.

61. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

63. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

67. In a given workweek, Defendants failed to pay Plaintiff one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

68. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

69. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

70. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

71. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

72. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Glenroy Cranston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

  A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.  For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT
FAILURE TO PAY MINIMUM WAGE**

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. cAs a result of not having paid any wage whatsoever to Plaintiff for his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

75. As a result of having paid the wages they did to Plaintiff for his first four workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

76. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

77. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Glenroy Cranston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. As a result of not having paid any wage whatsoever to Plaintiff for his final two workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

80. As a result of having paid the wages they did to Plaintiff for his first four workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

81. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

82. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Glenroy Cranston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

  E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

  F. Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING
DEFENDANT OCEAN BLUE CARIBBEAN RESTAURANT AND BAR
CORPORATION ONLY**

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. As a result of the allegations contained herein, Defendant Ocean Blue Caribbean Restaurant and Bar Corporation did not compensate Plaintiff wages due and owing to him.

85. Defendant engaged in such conduct in direct violation of A.R.S. § 23-350.

86. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final workweek in which he was employed by Defendant Ocean Blue Caribbean Restaurant and Bar Corporation.

87. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Glenroy Cranston, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Ocean Blue Caribbean Restaurant and Bar Corporation:

A. For the Court to declare and find that the Defendant Ocean Blue Caribbean Restaurant and Bar Corporation violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 10th day of November, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Glenroy Cranston, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

*Glen Roy Cranston*
Glen Roy Cranston (Nov 10, 2022 09:18 MST)
Glenroy Cranston

# CRANSTON; COMPLAINT DRAFT 1 (TO CLIENT); 11-10-22

Final Audit Report                                                                 2022-11-10

| | |
|---|---|
| Created: | 2022-11-10 |
| By: | Clifford Bendau (cliffordbendau@bendaulaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA8s9tOsqFCiMVizR-OFf37CHdzaLxGTjc |

## "CRANSTON; COMPLAINT DRAFT 1 (TO CLIENT); 11-10-22" History

- Document created by Clifford Bendau (cliffordbendau@bendaulaw.com)
  2022-11-10 - 4:02:47 PM GMT- IP address: 72.208.145.31

- Document emailed to traviscranston187@gmail.com for signature
  2022-11-10 - 4:03:15 PM GMT

- Email viewed by traviscranston187@gmail.com
  2022-11-10 - 4:03:26 PM GMT- IP address: 66.249.84.79

- Signer traviscranston187@gmail.com entered name at signing as Glen Roy Cranston
  2022-11-10 - 4:18:32 PM GMT- IP address: 184.98.245.250

- Document e-signed by Glen Roy Cranston (traviscranston187@gmail.com)
  Signature Date: 2022-11-10 - 4:18:34 PM GMT - Time Source: server- IP address: 184.98.245.250

- Agreement completed.
  2022-11-10 - 4:18:34 PM GMT

**Adobe Acrobat Sign**